IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE MARTIN LAFLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ADAMS, JR., et al.,<br><br>Defendants. | CV 20-00029-M-DLC-KLD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Clarence Lafley, a state prisoner proceeding without counsel, filed a Motion to Proceed in Forma Paupers (Doc. 1) and a proposed Complaint alleging he was assaulted in the Tribal Jail in Pablo, Montana by a Tribal police officer on May 29, 2019.  Mr. Lafley appears to be an enrolled tribal member.  (Complaint, Doc. 2 at 13.)  He has named Michael Adams, a tribal police officer, John and Jane Doe detention officers and dispatch officers, and the Confederated Salish and Kootenai Tribes of the Flathead Reservation Tribal Police.  (Doc. 2.)  The Court will grant Mr. Lafley's motion for leave to proceed in forma pauperis.  (Doc. 1.)  The Tribal Police is entitled to sovereign immunity and to the extent the individual officers are not entitled to sovereign immunity, Mr. Lafley has failed to state a federal claim under 42 U.S.C. § 1983 because Defendants were acting under color of tribal law and not state law.  This matter should be dismissed.

1

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Lafley's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a). (Doc. 1.) The Court will grant the request to proceed in forma pauperis but since Mr. Lafley is a prisoner, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1) because Mr. Lafley submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Lafley may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Lafley must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct Montana State Prison to forward payments from Mr. Lafley's account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING STANDARD

Mr. Lafley is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

4

### III.  SCREENING ANALYSIS

"Indian tribes are domestic dependent nations that exercise inherent sovereign authority."  *Michigan v. Bay Mills Indian Comty.*, 572 U.S. 782, 788 (2014) (internal quotations omitted).  Among the core aspects of sovereignty that tribes possess is the common-law immunity from suit traditionally enjoyed by sovereign powers.  *Id*.  The interests served by the doctrine of tribal sovereign immunity are at their highest when a tribe exercises tribal authority over its own members on its own land.  Indian tribes retain "'their original natural rights' in matters of local self-government."  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55 (1978) (*quoting Worcester v. Georgia*, 6 Pet. 515, 559 (1832) *overruled on other grounds by Nevada v. Hicks*, 533 U.S. 353, 361–62 (2001)).  "Although no longer 'possessed of the full attributes of sovereignty,' they remain a 'separate people, with the power of regulating their internal and social relations.'"  *Id*. (*quoting United States v. Kagama*, 118 U.S. 375, 381–82 (1886)).  "They have power to make their own substantive law in internal matters ... and to enforce that law in their own forums."  *Id*. at 55–56 (internal citations omitted).

"The tribe's immunity is not defeated by an allegation that it acted beyond its powers."  *Imperial Granite Co. v. Pala Bank of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991).  Additionally, tribal immunity extends to entities that are agencies or administrative arms of the tribe.  *See In re White*, 139 F.3d 1268, 1271

(9th Cir. 1998)(stating that an entity that was an administrative arm of a tribal sovereign enjoys common law immunity from suit); *see also Bassett v. Mashantucket PequotTribe*, 204 F.3d 343, 358 (2nd Cir. 2000)(noting that agencies of a tribe are entitled to benefit from the Tribe's immunity); *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 978 (9th Cir. 2006)(*overruled on other grounds by Marceau v. Blackfeet Housing Authority*, 540 F.3d 916 (9th Cir. 2008)(recognizing that tribal sovereign immunity "extends to agencies and subdivisions of the tribe").

In this case, the Tribal Police department is an agency of the Tribe. *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1496 (9th Cir. 1995)(noting that the police department is an agency of the city). As such, it is entitled to the benefit of the Tribe's sovereign immunity and all claims asserted against the Tribal Police should be dismissed on the grounds of sovereign immunity. Mr. Lafley has not alleged that the Tribal Police waived their immunity or that Congress abrogated such immunity in this context.

This immunity extends to individual tribal officers when they act within their official capacity and within the scope of their authority. *Martinez*, 436 U.S. at 59. But even if the individual Defendants are not immune, Mr. Lafley's Complaint should nevertheless be dismissed for failure to state a federal claim. The statutory vehicle for individuals seeking relief for violation of federal rights is

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The general rule, however, is that tribal police officers do not act under color of state law within the meaning of § 1983.  *R. J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983).  This follows because tribal police officers act under color of tribal law, and no § 1983 action can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law since Indian tribes are separate and distinct sovereignties and are not constrained by the provisions of the Fourteenth Amendment.  *Martinez*, 436 U.S. at 56; *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529, 533 (8th Cir. 1967).  Defendants in this case were all tribal officers acting under color of tribal authority.  Any dispute Mr. Lafley has with the manner in which the defendant tribal officers dealt with him must be resolved by the tribal courts.

Based on the foregoing, the Court issues the following:

## ORDER

Mr. Lafley's motion to proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk shall remove the word "LODGED" from the docket entry for the Complaint.  (Doc. 1.)  The Complaint is deemed filed March 12, 2020.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. LaFley may file objections to these Findings and Recommendations within 14 days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.  This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 13th day of July, 2020.

 */s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] Mr. Lafley shall have an additional three days after this period would otherwise expire to file objections.