IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE MARTIN LAFLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ADAMS, JR., et al.,<br><br>Defendants. | CV 20–29–M–DLC–KLD<br><br><br><br>ORDER |

On July 13, 2020 United States Magistrate Judge Kathleen L. DeSoto entered her Order and Findings and Recommendations recommending that this case be dismissed as barred by tribal sovereign immunity. (Doc. 4.) Lafley timely objects and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto recommended dismissing Lafley's suit because: (1) his claims against the tribal police are barred by sovereign immunity; and (2) he failed to state a federal claim under 42 U.S.C. § 1983 against the individual tribal police officers.

(Doc. 4 at 1.)  Lafley does not directly object to either determination.  (*See* Doc. 6.)  Instead, he asserts that he has requested additional information that will help him better flesh out his claims.  (*Id.*)  However, the additional information he requests will not save his complaint.

Judge DeSoto correctly determined that a § 1983 claim cannot lie against tribal officers because tribal police do not act under color of *state* law; they act under color of tribal law.  (Doc. 4 at 7.)  Lafley's letter to the tribal courts requests the names of the tribal officers on duty during his alleged assault.  (Doc. 6-1.)  Thus, more information about the involvement of tribal officers in his alleged assault does not result in viable claim under § 1983.  As Judge DeSoto determined, Lafley's only remedy lies in tribal court.  For this reason, the Court denies Lafley's request to amend his complaint and adopts the recommendation to dismiss this case.

IT IS ORDERED that the Findings and Recommendations (Doc. 4) is ADOPTED in full.

1.  This matter is DISMISSED.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 6th day of August, 2020.

_____
Dana L. Christensen, District Judge
United States District Court